No. 19,231.

Robert Russell Roy, et al. *v.* Harry C. Tinsley, Wrden.

(350 P. [2d] 564)

Decided March 28, 1960.

Mr. Robert Russell Roy and Mr. Allan Lynn Batchelor, plaintiffs in error, pro se.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. J. F. Brauer, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

Plaintiffs in error sought their release from the state penitentiary by habeas corpus, and being denied the relief sought bring the case here on writ of error. Plaintiffs in error will herein be referred to as petitioners.

In November 1958 petitioners were charged with burglary and after counsel had been assigned to represent them, each entered a plea of guilty. Following a pre-sentence report each was sentenced to a term of not less than four years nor more than six years in the state penitentiary. At the time sentence was imposed each defendant in the criminal action was of the age of eighteen years. Petitioners in July 1959 petitioned for a writ of habeas corpus, alleging that the trial judge was required to sentence them to the state reformatory, and that the sentence imposed on each of them was void.

The statute in force at the time these petitioners were sentenced was enacted in 1958, being Chapter 36, Session Laws Colo. 1958, which reads:

"Upon conviction of a crime which is punishable by imprisonment in the Colorado State Penitentiary, * * * the court *may* sentence the person so convicted to the Colorado state reformatory if at the time of sentencing he is sixteen years of age or older, * * * if it appears to the court that the best interests of such person and of the public and the ends of justice would thereby be served. In making its determination the court shall take into consideration the circumstances of the offense, the prior criminal record and reformability of the person to be sentenced * * *." (Emphasis supplied.)

Sub-sec. (3) of the same statute is as follows:

"Nothing in this act contained shall be construed to prevent any court having jurisdiction thereof from sentencing any person to the Colorado state penitentiary

who is convicted of a crime punishable by imprisonment in said state penitentiary * * * ."

■■ Under this legislative enactment the trial court had discretion to sentence petitioners to either the penitentiary or the reformatory, and the record shows that a full and complete report of the record of each petitioner was before the trial court, which disclosed that petitioner Roy had previously been convicted four times for various offenses; had served time at the State Industrial School for Boys and at the State Reformatory. Petitioner Batchelor also had four previous convictions for various offenses; had served time at the State Reformatory and was on parole from that institution at the time of the last offense to which he entered a plea of guilty. The probation officer recommended a sentence to the State Penitentiary for each petitioner. Surely under this record it cannot be said that the trial judge abused his discretion in imposing the sentence complained of against each of these petitioners, and he had ample authority so to do under the statutory enactment referred to above.

The judgment is affirmed.